IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)

| | |
|---|---|
| STEPHANIE BAKER<br>2910 Palmetto Circle, Apt. F19<br>Louisville, Kentucky 40299 | PLAINTIFF |

Case No. 3:16-cv-65-GNS

v.

Judge Greg N. Stivers

| | |
|---|---|
| AMERICREDIT FINANCIAL SERVICES, INC.<br>d/b/a GM FINANCIAL<br>801 Cherry Street, Ste. 3600<br>ATTN: Alicia A. Richardson<br>Fort Worth, Texas 76102 | DEFENDANTS |

       SERVE:    Corporation Service Co.
                        421 West Main St.
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)

AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

       SERVE:    CSC-Lawyers Incorporating Service Co.
                        421 W. Main Street
                        Frankfort, Kentucky 40601
                        (BY CERTIFIED MAIL)

AND

TRANS UNION, LLC
555 W. Adams Street
Chicago, Illinois 60661

| | |
|---|---|
| SERVE: | The Prentice Hall Corporation System<br>421 W. Main Street<br>Frankfort, Kentucky 40601<br>(BY CERTIFIED MAIL) |

AND

EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

| | |
|---|---|
| SERVE: | CT Corporation System<br>306 W. Main Street, Suite 512<br>Frankfort, Kentucky 40601<br>(BY CERTIFIED MAIL) |

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Stephanie Baker, by counsel, and for her Verified Complaint against the Defendants, Americredit Financial Services, Inc. d/b/a GM Financial ("GMF"), Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), and Experian Information Solutions, Inc. ("Experian"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. and the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA"), arising out of GMF's failure to investigate Plaintiff's credit reporting dispute and GMF's false reporting to Equifax, Trans Union and Experian of an alleged delinquent debt, and Equifax's, Trans Union's and Experian's failure to investigate Plaintiff's credit reporting dispute and their failure to correct GMF's false reporting on Plaintiff's Equifax, Trans Union and Experian credit reports.

## II. PARTIES

2. Plaintiff, Stephanie Baker, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 2910 Palmetto Circle, Apt. F19, Louisville, Kentucky 40299..

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Plaintiff is an "obligor" as that term is defined in the TILA, 15 U.S.C. §1666.

5. Defendant, GMF, is a Texas corporation doing business in the Commonwealth of Kentucky with its principal place of business at 801 Cherry Street, Suite 3600, Fort Worth, Texas, 76102..

6. GMF is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

7. GMF is a "creditor" as that term is defined by the TILA, 15 U.S.C. §1602g.

8. Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

9. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

10. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

11. Defendant, Trans Union, is a limited liability corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

12. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

13. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

14. Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

15. Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

16. Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

17. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to the TILA 15 U.S.C. §1640(e); (3) pursuant to 28 U.S.C. §1331; and (4) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants' doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

18. In or around December 2010, Plaintiff opened a credit account with GMF for the purchase of an automobile.

19. In 2013, Plaintiff voluntarily surrendered the vehicle to GM Financial. Upon information and belief, GM Financial later resold the vehicle resulting in an alleged deficiency to Plaintiff of approximately $9,251.00

20. In early 2015, GMF charged off Plaintiff's alleged deficiency in the amount of $9.251.00 pursuant to 26 U.S.C. § 6050P(b)(2)(G).

21. In April 2015, Plaintiff received a Form 1099-C from GMF informing Plaintiff of the forgiveness of the alleged deficiency. Upon information and belief, GMF contemporaneously filed the Form 1099-C with the Internal Revenue Service.

22. Also in April 2015, Plaintiff received a telephone call from a GMF employee demanding that Plaintiff amend her 2014 tax returns to reflect $9,251.00 in alleged income to Plaintiff as a result of GMF's forgiveness of the alleged deficiency and GMF's filing of the Form 1099-C.

23. Given the dilatoriness of GMF's demand that Plaintiff claim the alleged income in 2014, and the fact that GMF did not advise Plaintiff of its filing of the Form 1099-C until April 2015, Plaintiff did not claim the $9,251.00 as income for 2014. Plaintiff has claimed the $9,251.00 as income for the 2015 tax year. The alleged income from GMF's forgiveness of the alleged debt results in a tax penalty to Plaintiff of approximately $2,000.00.

24. In May 2015, Plaintiff, while in the process of seeking home mortgage financing, accessed her Equifax, Trans Union and Experian credit reports and discovered derogatory entries furnished by GMF referencing the alleged deficiency charge off. Equifax, Trans Union and Experian reported the alleged debt, forgiven by GMF, as "past due" in the amount of $10,280.00.

25. Immediately upon her discovery of the derogatory reporting furnished by GMF, Plaintiff filed disputes with Equifax, Trans Union and Experian regarding the alleged past due amount.

26. Upon information and belief, Equifax, Trans Union and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified GMF of the disputes at or within five

(5) days of Equifax's, Trans Union's and Experian's receiving notice of the disputes from Plaintiff.

27. In June 2015, Equifax, Trans Union and Experian verified the alleged past due GMF account.

28. Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, GMF, Equifax, Trans Union, and Experian failed to investigate Plaintiff's dispute and failed to remove the disputed items from Plaintiff's credit reports. Upon information and belief, GMF, Equifax, Trans Union, and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove and/or amend their reporting of the disputed item within a reasonable time following Equifax's, Trans Union's and Experian's receipt of Plaintiff's disputes.

29. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due account.

## V. CLAIMS

### Negligence – GMF

30. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 29 as if fully set forth herein.

31. GMF's failure to investigate Plaintiff's dispute and its false reporting to Equifax, Trans Union, and Experian regarding the alleged past due account were negligent under applicable law. In failing to investigate Plaintiff's dispute and in falsely reporting the alleged past due account, GMF breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

32. GMF's failure to investigate Plaintiff's dispute and its false reporting to Equifax, Trans Union and Experian regarding the alleged past due account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. GMF's failure to investigate Plaintiff's dispute and its false reporting to Equifax, Trans Union and Experian regarding the alleged past due account was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Equifax

33. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of Plaintiff's alleged past due GMF account, despite Plaintiff's lawful notices to Equifax of the falsity of the report, was negligent. In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the alleged past due account, Equifax breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

35. Equifax's negligent failure delete and/or amend its reporting of Plaintiff's alleged past due GMF account has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

36. Equifax's failure to delete and/or amend its reporting of Plaintiff's alleged past due GMF account, despite Plaintiff's lawful notices to Equifax of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

37. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38. Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of Plaintiff's alleged past due GMF account, despite Plaintiff's lawful notices to Trans Union of the falsity of the report, was negligent. In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the alleged past due account, Trans Union breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

39. Trans Union's negligent failure delete and/or amend its reporting of Plaintiff's alleged past due GMF account has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

40. Trans Union's failure to delete and/or amend its reporting of Plaintiff's alleged past due GMF account, despite Plaintiff's lawful notices to Trans Union of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

41. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of Plaintiff's alleged past due GMF account, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent. In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the alleged past due account, Experian

breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

43. Experian's negligent failure delete and/or amend its reporting of Plaintiff's alleged past due GMF account has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

44. Experian's failure to delete and/or amend its reporting of Plaintiff's alleged past due GMF account, despite Plaintiff's lawful notices to Trans Union of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

## Defamation – GMF

45. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46. GMF, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax, Trans Union, and Experian credit reports, that Plaintiff has a past due account with GMF in the amount of $10,280.00. GMF's statements were false and were made with conscious disregard for the rights of the Plaintiff.

47. GMF's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due GMF account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

9

### Defamation – Equifax

48. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 47 as if fully set forth herein.

49. Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, GMF, and other currently unknown entities and/or individuals who have accessed Plaintiff's Equifax credit report, that Plaintiff has a past due account with GMF in the amount of $10,280.00. Equifax's statements were false and were made with conscious disregard for the rights of the Plaintiff.

50. Equifax's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due GMF account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

51. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 50 as if fully set forth herein.

52. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, GMF, and other currently unknown entities and/or individuals who have accessed Plaintiff's Trans Union credit report, that Plaintiff has a past due account with GMF in the amount of $10,280.00. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

53. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due GMF account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

54. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 53 as if fully set forth herein.

55. Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, GMF and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has a past due account balance with GMF in the amount of $10,280.00. Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

56. Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged GMF account balance amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – GMF

57. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 56 as if fully set forth herein.

58. GMF's failure to investigate Plaintiff's dispute and it initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due GMF account is a violation of GMF's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

59. GMF's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which GMF is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

60. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 59 as if fully set forth herein.

61. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed GMF account from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

62. Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

**Negligent Violation of the Fair Credit Reporting Act – Trans Union**

63. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 62 as if fully set forth herein.

64. Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed GMF account from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

65. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its

reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Trans Union's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Negligent Violation of the Fair Credit Reporting Act – Experian

66. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 65 as if fully set forth herein.

67. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed GMF account from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

68. Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – GMF

69. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 68 as if fully set forth herein.

13

70. GMF's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged past due GMF account, despite GMF's knowledge of the falsity of its reporting, is a willful violation of GMF's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

71. Given GMF's knowledge of the falsity of its reporting, GMF's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which GMF is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

72. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 71 as if fully set forth herein.

73. Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the GMF account despite Equifax's knowledge of the falsity of the disputed item is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

74. Equifax's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

75. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Trans Union**

76. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 75 as if fully set forth herein.

77. Trans Union's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the GMF account despite Trans Union's knowledge of the falsity of the disputed item is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

78. Trans Union's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute is a willful violation of Trans Union's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

79. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Willful Violation of the Fair Credit Reporting Act – Experian**

80. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 79 as if fully set forth herein.

81. Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or

15

amend its reporting of the GMF account despite Experian's knowledge of the falsity of the disputed item is a willful violation of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

82. Experian's failure to investigate Plaintiff's dispute, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a willful violation of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

83. Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

**Violation of the Truth in Lending Act – GMF**

84. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 83 as if fully set forth herein.

85. GMF's initial and continuing false reporting to Equifax, Trans Union, and Experian of Plaintiff's alleged GMF account balance is a violation of GMF's duties as a creditor pursuant to the TILA, 15 U.S.C. §1666a.

86. GMF's violations of the TILA entitle Plaintiff to statutory damages, actual damages and attorneys' fees pursuant to 15 U.S.C. §1640.

WHEREFORE, Plaintiff, Stephanie Baker, respectfully demands the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
616 South Fifth St.
Louisville, KY  40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

17

## **VERIFICATION**

I, Stephanie Baker, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Stephanie Baker

COMMONWEALTH OF KENTUCKY    )
                            ) SS
COUNTY OF JEFFERSON         )

Subscribed, sworn to and acknowledged before me by Stephanie Baker this ___ day of _____, 2015.

_____
Notary Public

Commission expires:_____