UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:16-CV-00065-GNS

STEPHANIE BAKER                                                                               PLAINTIFF

v.

AMERICAN FINANCIAL SERVICES, INC.
d/b/a GM FINANCIAL; TRANS UNION, LLC;
AND EXPERIAN INFORMATION SOLUTIONS, INC.            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Americredit Financial Services, Inc.'s Motion to Dismiss (DN 11),[1] and Plaintiff's Motion for Oral Hearing (DN 27). The motions have been fully briefed and are ripe for decision. For the reasons stated below, the motion to dismiss is **GRANTED IN PART AND DENIED IN PART**, and the motion for oral argument is **DENIED AS MOOT**.

### I.     BACKGROUND

This action is brought to recover monetary damages under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x, stemming from the alleged failure of Defendants to remove a delinquency from tradelines with Defendant AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GMF") which negatively affected the ability of Plaintiff Stephanie Baker ("Baker") to obtain mortgage financing. (Compl. ¶¶ 19-30, DN 1). In December 2010, Baker opened an account with GMF for the purpose of purchasing an automobile. (Compl. ¶ 18). In

---

[1] Defendant's motion was not accompanied by a separate supporting memorandum as required by LR 7.1(a).

2013, Baker surrendered the vehicle to GMF after defaulting on her debt with GMF. (Compl. ¶ 19). In 2015, Baker alleges GMF forgave the deficiency owed to GMF, and she received an Internal Revenue Service ("IRS") Form 1099-C informing her of the forgiveness of the amount owed. (Compl. ¶ 21). In May 2015, Baker discovered a notice of a deficiency on her credit report and filed disputes with Defendants, who are credit reporting agencies (individually, "CRA"). (Compl. ¶ 25). Baker alleges GMF failed to investigate Baker's claim in violation of the FCRA.

Baker asserts claims against GMF for: (1) negligence, (2) defamation, (3) negligent violation of the FCRA, and (4) willful violation of the FCRA. (Compl. ¶¶ 30-32, 45-50, 57-59, 69-71). In its motion, GMF seeks dismissal of FCRA claims, Truth in Lending Act ("TILA") claims and all state law claims (Def.'s Mot. to Dismiss 1-20, DN 11 [hereinafter Def.'s Mot.]).

## II.   JURISDICTION

The Court has jurisdiction over the parties pursuant to 28 U.S.C. § 1331 as this case arises under the laws of the United States.

## III.   STANDARD OF REVIEW

In order to survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id*. (internal quotation marks

omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (citation omitted).

## IV. DISCUSSION

The FCRA was enacted in order "to promote 'efficiency in the Nation's banking system and to protect consumer privacy.'" *Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 781 (W.D. Ky. 2003) (quoting 15 U.S.C. § 1681(a)). "The FCRA places distinct obligations on three types of entities: (1) consumer reporting agencies; (2) users of consumer reports; and (3) furnishers of information to consumer reporting agencies." *Id*. at 782 (citations omitted).

As a furnisher of financial information to CRAs, GMF's obligations under the FCRA include the responsibility to refrain from reporting inaccurate information and to correct inaccurate information. *See* 15 U.S.C. § 1681s-2(a). Further, Baker is authorized by Section 1681s-2(b) to "bring a private cause of action against a furnisher of credit information for either negligent, § 1681o, or willful, § 1681n, violations of the FCRA." *Id.* at 783. Additionally, the FCRA "recognizes that a consumer may still bring an action proceeding under state common law for defamation, slander or invasion of privacy, but only if the consumer proves malice." *Id*. at 782.

The TILA was enacted to promote the informed use of credit by consumers by requiring meaningful disclosure of credit terms. *See Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1040 (6th Cir. 1984); 15 U.S.C. § 1601. The TILA is a remedial statute and, therefore, should be given a broad, liberal construction in favor of the consumer. *See Jones*, 747 F.2d at 1040*; Flesher v.*

3

*Household Finance Corp.*, 640 F.2d 861, 863 (6th Cir.1981) (per curiam). The Court considers Baker's claims under both acts as well as her state law claims in turn.

A.     **FCRA Claims**

In the Complaint, Baker asserts claims of both negligent and willful violations of the FCRA under Section 1681s-2(b). (Compl. ¶¶ 60-62, 69-71). GMF, however, disputes whether the FCRA applies in this matter because the FCRA only applies when *inaccurate* information has been reported. *See* 15 U.S.C. § 1681(a); *Mortimer v. Bank of Am., N.A.*, No. C-12-01959 JCS, 2013 WL 150142, at *9 (N.D. Cal. Apr. 10, 2013). *See also Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1039 (D. Minn. 2010), *aff'd*, 413 F. App'x 925 (8th Cir. 2011). While Baker does not dispute a delinquency was present on her credit report, she insists that this delinquency should have been removed after the filing of a Form 1099-C. (Pl.'s Resp. 7-8, DN 26). Neither party disputes that a Form 1099-C was filed in this case. Instead, the disagreement arises from the legal significance of such a filing.

The Internal Revenue Code ("IRC") requires any entity discharging a debt to file an "information return" on a Form 1099-C with the IRS. *See* Treas. Reg. § 1.6050P-1(a). The filing requirement is triggered based upon the occurrence of nine "identifiable events" including the settlement and discharge of the debt. *See* Treas. Reg. § 1.6050P-1(b)(2)(A)-(H). In this case, the triggering event appears to have been "[a] discharge of indebtedness pursuant to a decision by the creditor, or the application of a defined policy of the creditor, to discontinue collection activity and discharge debt" as GMF listed Subpart G as the triggering event on its Form 1099-C. (Pl.'s Resp. Ex. A, DN 26-1).[2]

---

[2] Defendant argues the Court should ignore the contents of the Form 1099-C as it exists outside of the pleadings. (Def.'s Mot. 2-3). Plaintiff's Complaint, however, incorporates the Form 1099-C by referencing it multiple times. (Compl. ¶¶ 20-22). Accordingly, the Court may properly

4

The parties urge the Court to adopt one of two views regarding the legal effect of a Form 1099-C. The first view favors the creditor and finds that the filing of a Form 1099-C is irrelevant in determining discharge. *See, e.g.*, *FDIC v. Cashion*, 720 F.3d 169, 176-81 (4th Cir. 2013); *Owens v. Comm'r*, No. 02-61057, 2003 WL 21196200, at *3 (5th Cir. May 15, 2003); *Capital One v. Massey*, No. 4:10-CV-01707, 2011 WL 3299934, at *3 (S.D. Tex. Aug. 1, 2011); *United States v. Reed*, No. 3:09-CV-210, 2010 WL 3656001, at *2 (E.D. Tenn. Sept. 14, 2010). Alternatively, the second view favors the consumer and establishes the opposite. *See, e.g.*, *In re Reed*, 492 B.R. 261, 268 (Bankr. E.D. Tenn. 2013); *In re Crosby*, 261 B.R. 470, 476-77 (Bankr. D. Kan. 2001)); *In re Welsh*, No. 06-10831ELF, 2006 WL 3859233, at *2 (Bankr. E.D. Pa. Oct. 27, 2006). The Court finds it unnecessary to adopt either view in this case. The Court considers only whether Baker has plausibly stated a claim upon which relief can be granted based on the facts alleged in the Complaint. *Iqbal*, 556 U.S. at 678. In this regard, Baker has plausibly stated a claim. Specifically, an admission by the creditor *within* the Form 1099-C plausibly indicates discharge even if the mere filing of the form does not. Here, GMF indicated in the Form 1099-C that discharge by agreement of the parties was the identifiable event which triggered the filing by reference in the form to Subpart G of the Regulation. (Pl.'s Resp. Ex. A). GMF appears to have acknowledged on the face of the Form 1099-C that Baker's debt had been discharged. Discovery may ultimately prove discharge did not in fact occur, but at this stage the Court finds Plaintiff's allegation of discharge is plausible. Therefore, GMF's motion will be denied regarding Baker's FCRA claims.

---

consider the Form 1099-C in ruling on the instant motion. *See Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

B.  **TILA Claims**

Baker argues that GMF violated 15 U.S.C. § 1666(a) of the Fair Credit Billing Act ("FCBA"), which is a subsection of the TILA. (Compl. ¶¶ 84-86). Section 1666(a) is triggered once a creditor has received written notice from the debtor regarding a deficiency on the debtor's account. *See* 15 U.S.C. § 1666(a). The creditor then must correct the account or notify the debtor why the account deficiency is correct. *See id*. Section 1666(a), however, only governs open-end consumer credit plans.[3] *See* 15 U.S.C. § 1666(a) ("If a creditor, within sixty days after having transmitted to an obligor a statement of the obligor's account in connection with an extension of consumer credit, receives at the address disclosed under section 1637(b)(10) of this title a written notice . . ."); 15 U.S.C. § 1637 (applying only to open-end credit and governing Section 1666(a)); *Stroman v. Bank of Am. Corp.*, 852 F. Supp. 2d 1366, 1374 (N.D. Ga. 2012) (finding that mortgage loan could not be the subject of an FCBA claim and dismissing claim); *Roybal v. Equifax*, 405 F. Supp. 2d 1177, 1180 (E.D. Cal. 2005) ("By its very terms, the FCBA's billing error section applies solely to creditors of open end credit plans."). Baker makes no claim that GMF extended an open-end credit loan and appears to concede Section 1666(a) does not apply, as Baker makes no mention of her TILA claim in her Response. Therefore, Baker's TILA claims will be dismissed.

C.  **State Law Claims**

Baker makes additional claims of defamation and negligence under Kentucky law. (Compl. ¶¶ 30-33, 45-47). GMF seeks to dismiss these claims on two grounds. First, GMF argues Baker's state law claims are preempted by the FCRA. (Def.'s Mot. 12). Second, GMF

---

[3] An "open-end" consumer credit plan is a plan which allows a continuing withdrawal of funds directly or indirectly from the creditor which may be paid in installments or in full and has a finance charge computed on a rolling basis by the creditor. *See* Ralph C. Clontz, Jr., *Open-End Credit Under Truth-In-Lending*, 19 Am. U. Law Rev. 236 (1970).

argues that Plaintiff has failed to make sufficient allegations regarding her state law claims. (Def.'s Mot. 9-10).

This Court follows the temporal approach to preemption under the FCRA. *See Eddins v. Cenlar FSB*, 964 F. Supp. 2d 843, 850 (W.D. Ky. 2013). Under the temporal approach, FCRA claims against furnishers of information are divided "into two distinct time frames: 1) after the furnisher received notice of the dispute, [15 U.S.C.] § 1681t(b) preempts state law claims relating to the furnishing of the disputed information; and 2) before the furnisher received notice of the dispute [15 U.S.C.] § 1681h(e) provides that plaintiffs may bring defamation . . . or negligence claims, so long as plaintiffs can establish the furnisher's malice or willful intent to injure." *Id*. at 851.

In this case, Baker alleges willful intent to injure. (Compl. ¶¶ 32, 46). Baker has not, however, provided any facts supporting an assertion that before it learned of the dispute, GMF acted with malice or willful intent to injure as to indicate her claims are plausible. *See Barrett v. Fifth Third Bank*, No. 3:15-cv-00698-CRS, 2016 WL 593808, at *1 (W.D. Ky. Feb. 12, 2016). Baker has not asserted any facts which would plausibly indicate GMF acted willfully or intentionally or had any motive to do so prior to notice of any dispute. Therefore, Baker's state law claims will be dismissed.

V. **CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendant's Motion to Dismiss (DN 11) is **GRANTED IN PART AND DENIED IN PART**.

2. Because a hearing was unnecessary to rule on the dispositive motion, Plaintiff's Motion for Oral Hearing (DN 27) is **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
July 25, 2016

cc: counsel of record